In the Matter of HARDWARE PRODUCTS, INC., Debtor.

CENTRAL NATIONAL BANK OF STERLING, STERLING, ILL., Plaintiff,

v.

HARDWARE PRODUCTS, INC., Defendant.

Bankruptcy No. 80 B 00797.
Adv. No. 80 A 0263.

United States Bankruptcy Court,
N. D. Illinois, W. D.

Feb. 20, 1981.

1) Setoff
2) Security Interest

L. Vernon Frye, Sterling, Ill., for Central.

Kenneth Ritz, Trustee.

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the "Petition for Payment of Secured Claim from Cash Collateral after Filing of the Petition for Bankruptcy in the Above-entitled Cause" filed by The Central National Bank of Sterling, Sterling, Illinois. Central is represented by Attorney Vernon Frye. The Trustee, Kenneth Ritz, though not made a Defendant or Respondent in the matter, has entered his appearance.

## BACKGROUND

Central seeks to recover $133,333 in the possession of the Trustee. The facts are as set forth in counsels' Briefs. The essential fact is that (with a small exception to be noted later) the money was not on deposit at Central at the time of filing the Involuntary Petition which initiated these proceedings, but was subsequently put on deposit at Central.

Central advances two theories of recovery:

## ANALYSIS

■ The Court flatly rejects the theory of setoff except to the extent of $1200.25 which was in the Debtor's account at Central on the date of filing the original petition initiating these proceedings. See 4 Collier on Bankruptcy, Paragraph 553.14(4).

\*　　\*　　\*　　\*　　\*　　\*

■ The theory that Central had a security interest in the money now held by the Trustee requires somewhat more analysis. The security agreement provides that "holder has the right of setoff or lien on any deposit or sums now or hereafter owed by holder to debtor ....". Therefore, on the date the original petition was filed Central had no security interest in the Debtor's account in another bank. That account becomes property of the Debtor's estate under Section 541 of the Bankruptcy Code. There is nothing the debtor or a creditor can do after the filing of the original petition that will confer in the creditor a right to the account superior to that of the Trustee measured as of the date of filing the original petition.

Under the former Bankruptcy Act the Trustee would have had title to, or owned as Trustee, the Debtor's account in another bank. While the title theory is abandoned under the present Bankruptcy Code, the substantive effect is not and should not be changed: As of the date of filing, the Debtor's property, including an unencumbered bank account, becomes part of the Debtor's estate to be administered by the Trustee.

To draw an analogy: As of the date of filing the original petition the debtor owns an automobile in which a creditor has an unperfected security interest. A month after bankruptcy the debtor sends the necessary documents to the Secretary of State to perfect a lien on the automobile in favor of the creditor. It is too late. The Trustee's rights to the car are measured as of the date of filing the original petition.

Here, the Debtor's transfer of its funds to an account at Central is too late to give Central a "right of setoff or lien" superior to the rights of the Trustee measured as of the date of filing the original petition.